UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25CR20540 Becerra/Torres

18 U.S.C. § 371
31 U.S.C. § 5324(a)(1)
18 U.S.C. § 2
31 U.S.C. § 5317(c)(1)(A)

UNITED STATES OF AMERICA

vs.

MANUEL ONDARCE SANCHEZ,

Defendants.
_____/

FILED BY SW D.C.

DEC 1 6 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Under federal law, specifically, the Bank Secrecy Act, codified at Title 31, United States Code, Section 5313-5326, and its related federal regulations ("BSA"), financial institutions were required to file with the Treasury Department a "currency transaction report" ("CTR"), FINCEN Form 104, for each financial transaction that involved United States currency in excess of $10,000. Covered financial transactions include deposits, withdrawals, check cashing, or other transactions involving the physical transfer of currency from one person to another.

2. Before concluding any financial transaction with respect to which a CTR was required, a financial institution was required to verify and accurately record the name and address of the individual conducting a financial transaction, as well as accurately record the identity, social

security, or taxpayer identification number of any person or entity on whose behalf the financial transaction was to be effected.

3. A person structured a transaction if that person, acting alone, or on behalf of another person, conducted or attempted to conduct one or more transactions, at a financial institution, involving cash or currency in an amount greater than $10,000.00 by intentionally arranging a series of separate transactions, each one involving less than $10,000.00, for the purpose of evading the currency reporting requirements that would have applied if fewer transactions had been made.

4. Bank 1 was a multi-national financial services corporation headquartered in New York, New York.

5. Bank 2 was a multi-national financial services corporation headquartered in Charlotte, North Carolina.

6. Defendant **MANUEL ONDARCE SANCHEZ** was a resident of Miami-Dade County and had bank accounts with Bank 1 (ending in -1251) and Bank 2 (ending in -6780).

## COUNT 1
### Conspiracy Against the United States
(18 U.S.C. § 371)

1. Paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From on or about November 27, 2023, and continuing through on or about December 11, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MANUEL ONDARCE SANCHEZ,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine,

conspire, confederate, and agree with another person, known to the Grand Jury, to commit an offense against the United States, that is, to knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, cause a domestic financial institution to fail to file a report required under Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, that is, causing Bank 1 and Bank 2 to fail to file a currency transaction report for deposits into Bank 1 account ending in -1251 and Bank 2 account ending in -6780, in violation of Title 31, United States Code, Section 5324(a)(1).

**PURPOSE OF THE CONSPIRACY**

3.      The purpose and object of the conspiracy was to convert funds deposited in various bank accounts into United States currency, while evading the requirement that transactions in excess of ten thousand dollars ($10,000.00) in United States currency be reported to the Secretary of the Treasury.

**OVERT ACTS**

In furtherance of the conspiracy, and to accomplish the purpose thereof, **MANUEL ONDARCE SANCHEZ** and his co-conspirator committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts:

1.      On or about November 27, 2023, **MANUEL ONDARCE SANCHEZ** deposited approximately $8,900 in United States currency into Bank 1 account ending in -1251 by making cash deposits of $3,000; $2,500; $1,450; $1,400; and $550 into a Bank 1 ATM located in Hialeah, Florida.

2.      On or about November 28, 2023, **MANUEL ONDARCE SANCHEZ** deposited

approximately $18,480 in United States currency into Bank 1 account ending in -1251 by making a cash deposit of $8,700 into a Bank 1 ATM located in Hialeah, Florida and then making an in-person cash deposit of $9,780 inside the Bank 1 branch located in Hialeah, Florida.

3. On or about December 5, 2023, **MANUEL ONDARCE SANCHEZ** deposited approximately $17,800 in United States currency into Bank 2 account ending in -6780 by making cash deposits of $7,800; $6,800; $3,000; and $200 at three different Bank 2 branches located in Miami-Dade County over a period of two days.

4. On or about December 11, 2023, **MANUEL ONDARCE SANCHEZ** deposited approximately $11,150 in United States currency into Bank 2 account ending in -6780 by making two cash deposits in the amounts of $8,100 and $1,000 into a Bank 2 ATM located in Hialeah, Florida, and then making an in-person cash deposit of $2,050 inside the Bank 2 branch located in Hialeah, Florida.

5. On or about December 11, 2023, **MANUEL ONDARCE SANCHEZ** deposited approximately $9,000 in United States currency into Bank 2 account ending in -6780 by making two cash deposits in the amounts of $6,100 and $2,900 into a Bank 2 ATM located in Hialeah, Florida.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**Structuring**
**(31 U.S.C. § 5324(a)(1) & (d)(2))**

1. Paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Miami-Dade County, in the Southern

District of Florida, and elsewhere, the defendant,

**MANUEL ONDARCE SANCHEZ,**

did knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, cause and attempt to cause a domestic financial institution to fail to file a report required under Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, that is, causing and attempting to cause Bank 1 to fail to file a currency transaction report for currency deposits into Bank 1 account ending -1251, as set forth below:

| Approximate Date | Monetary Transaction |
| --- | --- |
| November 27, 2023 | Cash deposit in the approximate amount of $3,000<br>Cash deposit in the approximate amount of $2,500<br>Cash deposit in the approximate amount of $1,450<br>Cash deposit in the approximate amount of $1,400<br>Cash deposit in the approximate amount of $ 550 |
| November 28, 2023 | Cash deposit in the approximate amount of $8,700<br>Cash deposit in the approximate amount of $9,780 |

In violation of Title 31, United States Code, Section 5324(a)(1) and (d)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 31, United States Code, Section 5324(d)(2), it is further alleged that the offense conduct occurred as part of a pattern of illegal activity involving more than one hundred thousand dollars ($100,000.00) in a twelve (12) month period.

### COUNTS 3-4
### Structuring
### (31 U.S.C. § 5324(a)(1) & (d)(2))

1. Paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

5

2.      On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MANUEL ONDARCE SANCHEZ,**

did knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, attempt to cause a domestic financial institution to fail to file a report required under Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, that is, attempting to cause Bank 2 to fail to file a currency transaction report for currency deposits into Bank 2 account ending -6780, as set forth below:

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 3 | December 5, 2023 | Cash deposit in the approximate amount of $7,800<br>Cash deposit in the approximate amount of $6,800<br>Cash deposit in the approximate amount of $3,000<br>Cash deposit in the approximate amount of $ 200 |
| Count | Approximate Date | Monetary Transaction |
| 4 | December 11, 2023 | Cash deposit in the approximate amount of $8,100<br>Cash deposit in the approximate amount of $2,050<br>Cash deposit in the approximate amount of $1,000<br>Cash deposit in the approximate amount of $2,900<br>Cash deposit in the approximate amount of $6,100 |

In violation of Title 31, United States Code, Section 5324(a)(1) and (d)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 31, United States Code, Section 5324(d)(2), it is further alleged that the offense conduct occurred as part of a pattern of illegal activity involving more than one hundred thousand dollars ($100,000.00) in a twelve (12) month period.

**FORFEITURE ALLEGATIONS**

6

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **MANUEL ONDARCE SANCHEZ,** has an interest.

2. Upon conviction of, or a conspiracy to commit a violation of Title 31, United States Code, Section 5324, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in the commission of the offenses, in violation of 31 U.S.C. § 5324, and any property traceable thereto, pursuant to 31 U.S.C. § 5317(c)(1)(A).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 31, United States Code, Section 5317(c)(1)(A) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 31, United States Code, Section 5317(c)(1)(B).

A TRUE BILL

FOREPERSON

_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
MARK DISPOTO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

MANUEL ONDARCE SANCHEZ,

_____/

CASE NO.: 25CR20540
Becerra/Torres

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  ☑ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: *Mark Dispoto*
MARK DISPOTO
Assistant United States Attorney
SDFL Court ID No. A5501143

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **MANUEL ONDARCE SANCHEZ**

**COUNT 1:**

Conspiracy to Defraud the United States

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

**COUNT 2-4:**

Structuring Transactions to Evade Reporting Requirements

Title 31, United States Code, Section 5324(a)(1)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 years**
* **Max. Fine: Twice the amount of money structured**

\* Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.